UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO JUSTO RAMOS CARRILLO, | Case No. 2:25-cv-2349-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DUTCH GERMANY INT. EMBASSY, *et al.*, | |
| Defendants. | |

Plaintiff filed an application to proceed *in forma pauperis*, however, plaintiff failed to file a complete form and a copy of his trust account. ECF No. 5. Therefore, on October 8, 2025, I ordered plaintiff to submit either a completed *in forma pauperis* application or pay the required filing fee within thirty days. ECF No. 6. Plaintiff failed to comply with that order, therefore, on November 19, 2025, I ordered plaintiff to show cause why this action should not be dismissed for his failure to pay the filing fee, to prosecute, and to comply with court orders. ECF No. 7. Plaintiff has not responded to the order to show cause, and the time to do so has passed. Accordingly, dismissal of the action is warranted.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff has failed to respond to court orders directing him to file either a completed *in forma pauperis* application or pay the required filing fee. *See* ECF Nos. 6 & 7. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The November 19, 2025 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. *See* ECF No. 7. Plaintiff has had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to pay the filing fee, to prosecute, and to comply with court orders for the reasons set forth in the October 8, 2025 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3